22 So.2d 125

Succession of FUTCH.

No. 37555.

March 26, 1945.

Rehearing Denied April 30, 1945.

S. S. Reid, of Amite, for defendant-appellant Herman H. Holloway.

Ellis & Bostick, of Amite, for Geo. Allen Futch, natural tutor.

O'NIELL, Chief Justice.

This is an appeal from a judgment maintaining an opposition to several items on the final account of an executor. He is the appellant. The opponent of the account is the father and natural tutor of the only child of the testatrix. She and the father of the child were separated by a judgment of divorce or of separation from bed and board at the time of her death. The executor is her brother. She bequeathed to her child everything that she died possessed of, and appointed her brother executor of her will.

The tutor's opposition to the final account of the executor was sustained as to

only three of the several items to which the tutor objected; but, as he has not appealed from the judgment, and has not answered the executor's appeal, we are not concerned now with the tutor's opposition to any item on the account except the three items to which the opposition was sustained.

■ The first item to be considered is a credit of $177.42 for taxes paid by the executor on certain real estate owned by the succession. The complaint is that the value of the property was reduced materially by the destruction of a building on the premises by fire, and that the executor neglected to apply to the tax assessor for a reduction in the assessment of the property, or to inform the assessor of the loss of the building. The evidence shows—and the judge found—that, by the neglect of the executor to ask for a reduction of the assessment after the fire had occurred, he paid taxes to the extent of $110.98 more than he would have paid if he had asked for the reduction. When the tutor of the child discovered that there was no reduction in the assessment after the loss of the building by fire he called the assessor's attention to the matter and a reduction of $27.39 per year was allowed immediately. The judgment reducing to $66.44 the credit of $177.42, for taxes paid by the executor, is correct.

■ The next complaint of the executor, as appellant, is that the judge rejected an allowance of $100, as a credit on the account, for the fee of an attorney employed by the executor to appeal from a judgment ordering the executor to file an account. The judge found that the executor had delayed, purposely and without just cause, the filing of a final account and the delivery of the remaining property of the estate to the tutor of the child; and that the appeal of the executor from the judgment ordering him to file an account and to end his administration was in furtherance of his dilatory methods; hence the judge held that the estate should not be charged with the attorney's fee of $100 which the executor had incurred for his own satisfaction in delaying the rendering of an account of his administration. We see no error in the judge's ruling in that respect.

■■ The only remaining complaint of the appellant is that he is condemned by the judgment to pay to the tutor for the use and benefit of the child of the testatrix $800 for the loss of the building that was destroyed by fire. This part of the judgment is founded upon the complaint of the tutor that it was neglect of duty on the part of the executor to fail to have the building insured against loss by fire. In that connection the tutor shows that he had the buildings on the premises insured against loss by fire for one year, from August 13, 1930, to August 13, 1931. There were two buildings on the premises. As there is no evidence that either of them was insured after August 13, 1931, we assume that the owner, who is now the tutor of his child, allowed the insurance to lapse on that date; which was three years and seven months before his wife died. The two buildings are described in the policy of insurance as being located about 200 feet apart,—one of them being insured for $750 and the other for $250, both in the

name of the father of the child. There was no evidence offered to show which one of the buildings was destroyed by fire. There is no satisfactory evidence of the value of either of the buildings, or evidence as to whether the executor could have obtained insurance on either of them at any time after he became executor. On the contrary, it is very doubtful that any insurance company would have taken the risk, because the buildings were and had been for some time unoccupied at the time of the fire, and were remote from any town, village or hamlet. There is no proof therefore that the executor was at fault in his failure to have the buildings insured. According to article 355 of the Civil Code, as amended by Act 170 of 1928, it was the duty of the tutor of the child—if it was the duty of anyone—to keep these buildings insured against loss by fire. The article provides:

"When the minors shall possess houses or other buildings, it shall be the duty of the tutor, on his own responsibility, to have the· same insured against fire and tornado, unless expressly relieved from so doing by the judge of the court in which the tutorship is pending."

The judgment appealed from therefore must be amended by eliminating from the final account of the executor the charge of $800 for the loss of the building.

The judgment appealed from is amended by rejecting the tutor's demand against the executor for $800 for the loss of the building destroyed by fire, and as amended the judgment is affirmed at the cost of the .succession.